Jonathan Alexander Quijano
**GOMEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4258.

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

Elliott Ozment, Nashville, TN, for Petitioner.

Scott R. McIntosh, Christine N. Kohl, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before NORRIS, COLE, and ROGERS, Circuit Judges.

### ORDER

Jonathan Alexander Quijano Gomez, a native and citizen of Colombia residing in Nashville, Tennessee, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his application for asylum and withholding of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 8, 1997, Quijano Gomez was admitted into the United States as a non-immigrant visitor for pleasure and authorized to remain until March 7, 1999.

His stay extended beyond that date, and the Immigration and Naturalization Service commenced removal proceedings on that basis.

On August 9, 2000, the immigration judge ("IJ") conducted a removal hearing. Quijano Gomez testified about his belief of future persecution should he return to Colombia, which is involved in a civil war. Colombia requires its citizens to carry a military card attesting to military service, but Quijano Gomez opposes violence. Mark Chernick, Ph.D., testified about the social and political conditions in Colombia, which form the basis of Quijano Gomez's concerns about returning to his native country. The IJ denied Quijano Gomez's application for asylum and withholding of removal, but granted him voluntary departure. The BIA affirmed the IJ's decision without opinion.

We have recently addressed and rejected a constitutional challenge to 8 C.F.R. § 1003.1(a)(7) in *Denko v. INS,* 351 F.3d 717, 728–30, 732 (6th Cir.2003). The BIA's decision was supported by substantial evidence. *Daneshvar v. Ashcroft,* 355 F.3d 615, 624 (6th Cir.2004). Quijano Gomez has not presented compelling evidence sufficient to warrant reversal of the BIA's order. *Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003). Moreover, Because the BIA's decision was supported by substantial evidence, the petition for review is denied.